Case 4:23-cv-02300   Document 5   Filed on 07/25/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHEDRICK ALEXANDER d/b/a XTRA LOGISTIC CARRIERS, <br>    *Plaintiff*, <br><br> v. <br><br> ALL AROUND FREIGHT & ON THE GO TRUCKING, <br>    *Defendants*. | CIVIL ACTION NO. 4:23-cv-2300 |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff, filing *pro se*, filed a Complaint on June 16, 2023, alleging Breach of Contract against Defendants All Around Freight and On the Go Trucking (collectively, "Defendants"). ECF 1.[1]  Plaintiff, a truck driver, alleges that he entered into multiple agreements to deliver goods for Defendant All Around Freight, with payment to be remitted to factoring company Jobe Services. *Id.* at 1.  He alleges that he performed the deliveries as agreed and delivered proof of delivery and bill of lading sheets, but that All Around Freight failed to remit payment of $4,700 to Jobe Services, which in turn charged Plaintiff the sum of $7,400. *Id.* at 1-2. Plaintiff's request for relief is unclear, as he seeks "monetary & compensatory damages [of] $70,000" but separately "requests the court to order the defendant(s) to settle the amount [of] $100,000." *Id.* at 1, 3.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).  Here, Plaintiff brings a state law claim for

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

breach of contract. *Id.* at 1. The Court may exercise its diversity jurisdiction over claims under state law "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The party asserting diversity jurisdiction bears the burden of persuasion as to all aspects of jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). "[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side," to satisfy the complete diversity requirement under 28 U.S.C. § 1332. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). Here, Plaintiff names two Defendants, listing only an address in Rosenberg, Texas in connection with the Defendants. ECF 1 at 1. The Court lacks jurisdiction over this suit because the parties are not diverse. Due to the lack of diversity among the parties, the Court need not consider whether the Complaint can be construed to allege an amount in controversy in excess of $75,000. Accordingly, the Court RECOMMENDS that Plaintiff's claims be DISMISSED without prejudice to refiling in a forum of competent jurisdiction. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 25, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge